1  Spencer C. Skeen (Bar No. 182216)
   Marsha Amin (Bar No. 238820)
2  PROCOPIO, CORY, HARGREAVES &
       SAVITCH LLP
3  530 B Street, Suite 2100
   San Diego, California  92101
4  Telephone: 619.238.1900
   Facsimile: 619.235.0398
5
   Attorney for Defendants,
6  GUILLERMO BENITEZ; and ELIZABETH BENITEZ
   GARCIA, dba SAN YSIDRO AUTO SALES
7
8                 UNITED STATES DISTRICT COURT

9          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10 | NONI GOTTI,                          | Case No.:  08 cv 1245 BEN AJB

11 |              Plaintiff,              | RESPONSE TO MOTION FOR REMAND

12 | v.                                   | Date:        September 22, 2008
   |                                      | Judge:      Hon. Roger Benitez
13 | GUILLERMO BENITEZ; ELIZABETH BENITEZ
   | GARCIA dba SAN YSIDRO AUTO SALES; and | No Oral Argument
14 | DOES 1 THROUGH 10, Inclusive,
15 |              Defendants.
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendants Guillermo Benitez and Elizabeth Benitez Garcia dba San Ysidro Auto Sales respectfully submit the following Response to Motion for Remand:

**I.**

## INTRODUCTION

Plaintiff is a prodigious filer of claims under the Americans With Disabilities Act ("ADA"); however, Plaintiff has no intent to pursue the federal ADA claims.    Plaintiff filed complaints alleging federal ADA violations in the following actions:

| Case Name | Case Number | Motion for Remand Hearing Date |
|---|---|---|
| Gotti v. Guillermo Benitez, et al. | 08cv1245-BEN-AJB | September 22, 2008 |
| Gotti v. Ramon Vasquez, et al. | 08cv1247-W-BLM | September 22, 2008 |
| Gotti v. Jesus Valdez, et al. | 08cv1248-JLS-BLM | October 16, 2008 |
| Gotti v. Carlos Vasquez, et al. | 08cv1249-W-BLM | September 22, 2008 |
| Gotti v. Ying Li Restaurant | 08cv1250-JLS-AJB | October 16, 2008 |
| Gotti v. Rebecca Hernandez, et al. | 08cv1251-BTM-LSD | October 17, 2008 |
| Gotti v. Ramon Vasquez, et al. | 08cv1326-LAB-JMA | October 27, 2008 |

These cases are against defendants who have properties situated in San Ysidro, California. The defendants in the above-referenced actions are all represented by the same counsel. Defendants properly removed these actions to federal court as Plaintiff's Complaint expressly raises federal claims, including claims arising under the ADA (42 U.S.C. § 12182 *et seq.*) and claims under the Unruh Act (Cal. Civ. Code § 51) that are predicated on the ADA.

After Plaintiff's excessive settlement demands were rejected, Plaintiff filed motions for remand in each of the above cases.  The motions are nothing more than an attempt by Plaintiff to manipulate the forum in which her claims are litigated.  Plaintiff did not object to Defendants' removal of this action until Plaintiff discovered that the defendants will not simply write checks to get the lawsuits dismissed but, rather, would investigate and contest the allegations of ADA violations.

Plaintiff's remand motion is specious.  In her motion, Plaintiff claims that the Court lacks federal jurisdiction because *she will decline to present certain evidence* regarding her mental and

1

1   physical impairments which she is required to prove to succeed on her federal ADA claim.

2   (Plaintiff's Memorandum of Points and Support of the Motion for Remand at p.6.)   Plaintiff

3   further claims that she will amend her complaint if necessary to remove certain allegations

4   regarding her physical and mental impairments.   In other words, Plaintiff has offered to dismiss

5   necessary factual allegations from her claims for relief, but not the federal claims.

6       Of course, Plaintiff cannot play fast and loose with the judicial system in this fashion.

7   Removal jurisdiction is based on the allegations of the complaint at the time of removal.   A

8   plaintiff cannot effectuate remand by pointing out the flaws in her own case, in effect arguing a

9   claim she continues to plead should be dismissed.   Nor, can a plaintiff "dismiss" certain key

10  allegations simply to get a remand granted, while keeping the federal cause of action in the case.

11  For these reasons and those that follow, Plaintiff's Motion for Remand should be denied.

12                          **II.**

13                  **PROCEDURAL HISTORY**

14      On or about May 21, 2008, Plaintiff filed a Complaint for Discriminatory Practices in

15  Public Accommodations, citing 42 U.S.C. § 12182 et seq., in the San Diego Superior Court.

16  Thereafter, on or about July 11, 2008, Defendants timely and properly removed the action to this

17  Court as it is clear from the face of the Complaint that this Court has federal question jurisdiction.

18  Plaintiff did not initially object to the removal and event served Defendants with an Early Neutral

19  Evaluation Statement.   However, after learning that Defendants would not immediately accept

20  settlement demands, Plaintiff filed a Motion for Remand.   The entire basis for the Motion for

21  Remand is that Plaintiff intends to withhold evidence of an essential element of her federal ADA

22  claim (that her disabilities substantially limited life activities).   In essence, Plaintiff is claiming

23  she has no evidence of certain facts admitted in her pleadings simply so she can manipulate the

24  forum for this dispute.  This Court should not allow such chicanery.

25

26

27

28

2

115904/000002/961896.01

### III.

### REMOVAL WAS PROPER BECAUSE THE COURT HAS FEDERAL QUESTION

### JURISDICTION

**A.     Jurisdiction is Determined at the Time of Removal.**

"Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b). Removal jurisdiction based upon a federal question is determined from the face of the complaint as it existed at the time of removal, not as subsequently amended. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979); *Sparta Surgical Corp. v. National Ass'n of Securities Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998). "Because of this rule, a plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based." *Sparta Surgical Corp.*, supra, 159 F.3d at 1213.

Here, Plaintiff claims that the Court lacks federal jurisdiction because she will decline to present certain evidence regarding her mental and physical impairments. But whether Plaintiff intends to offer evidence to support her claims is not the standard. The standard is whether the complaint alleged a federal question at the time the removal petition was filed. The answer to this question is unequivocally "yes."

At the time that Plaintiff filed her Complaint and currently for that matter, Plaintiff raises ADA claims by directly citing to federal statutes. She also raises an Unruh Act claim that is based on the ADA. Thus, there is federal question jurisdiction.

**B.     Plaintiff Cannot Compel Remand By Arguing Her Federal Case is Flawed.**

"[P]laintiff should not be permitted to 'effectuate remand by pointing out the flaws in her own complaint, in effect arguing for dismissal of that claim.'" *Barraclough v. ADP Automotive Claims Services, Inc.*, 818 F. Supp. 1310, 1311 (N.D. Cal. 1993) (finding that although plaintiff claimed in her motion for remand that her ADA claim was improper, defendant nonetheless had a right to a federal forum because plaintiff asserted a federal claim when the complaint was filed). "A district court can consider whether plaintiff has engaged in any manipulative tactics when it

3

115904/000002/961896.01

1    decides whether to remand a case." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 357

2    (1987).

3          Here, Plaintiff claims that the Court lacks federal jurisdiction because she will decline to

4    present certain evidence regarding that she was substantially limited in life activities due to her

5    mental and physical impairments and, therefore, will necessarily lose on the federal ADA claim.

6    Plaintiff further claims that she will amend her complaint if necessary to remove certain

7    allegations regarding her physical and mental impairments, making a loss on that claim a

8    certainty. (Plaintiff's Memorandum of Points and Support of the Motion for Remand at p.6.)   In

9    other words, Plaintiff asks the Court to remand this case because Plaintiff really intends to lose

10   on the federal claims she willingly pled.

11         Plaintiff's argument should not be persuasive.  Plaintiff alleged her physical and mental

12   impairments substantially limited life activities in numerous lawsuits, including those identified

13   above.  The doctrine of judicial estoppel prevents a party from playing fast and loose with the

14   courts by taking contradictory positions in the same or related proceedings.  (*See Rissetto v.*

15   *Plumbers & Steamfitters Local* (9th Cir. 1996) 94 F.3d 597, 602–604.)  Plaintiff cannot say

16   remand should be granted her because she is not substantially limited in life activities, when she

17   has alleged just the exact opposite in numerous other complaints and lawsuits – including this

18   one.

19         Plaintiff is simply trying to manipulate the forum in which her claims are heard by

20   suggesting her federal claims will necessarily fail.  This Court should not allow Plaintiff to

21   succeed in her scheme.  If Plaintiff really believed her federal claims were improper at the outset,

22   Plaintiff never should have filed them.  Plaintiff had obligations in state court under California

23   Code of Civil Procedure 128.7, and in federal court under Rule 11 of the Federal Rules of Civil

24   Procedure, to make sure every claim and allegation she pled was supported in fact and law.  She

25   also needed to make sure her claims and allegations were not filed for an improper purpose.  (*See*

26   FRCP Rule 11(b) and Cal. Code Civ. Proc. 128.7, providing claims should not be asserted for an

27   improper purpose and factual contentions must have evidentiary support.)  Plaintiff's suggestion

28   that she will not present evidence that she is "substantially" mentally or physically impaired and

4

1  therefore suffered harm under the ADA is essentially an admission that this factual allegation was

2  made in numerous lawsuits for an improper purpose (e.g., a settlement shakedown), or it was

3  unsupportable in all instances. It should go without saying, Plaintiff should not assert factual

4  contentions that are not true and she should not assert claims she has no intent to pursue simply to

5  harass defendants into settlement.

6         If Plaintiff filed sham allegations or claims in violation of California Code of Civil

7  Procedure Section 128.7, or Rule 11 of the Federal Rules of Civil Procedure, that is a huge

8  problem for Plaintiff. But, it is not a basis for granting remand. A plaintiff cannot simply point

9  out the flaws in her case or the unsupportable allegations in her complaint to effectuate remand.

10  *Barraclough v. ADP Automotive Claims Services, Inc.*, 818 F. Supp. 1310, 1311 (N.D. Cal.

11  1993).

12                                            **IV.**

13         **THE COURT HAS JURISDICTION OVER ALL CLAIMS RAISED IN THE**

14                                      **COMPLAINT**

15         "[A] federal court has jurisdiction over an entire action, including state-law claims,

16  whenever the federal-law claims and state-law claims in the case 'derive from a common nucleus

17  of operative fact' and are 'such that [a plaintiff] would ordinarily be expected to try them all in

18  one judicial proceeding." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 349 (1987) (citing

19  *Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)). If a claim arising under federal law existed at

20  the time of removal, the federal court has jurisdiction to adjudicate all claims even if the federal

21  claims are dropped from the case and only state law claims remain. *Nishimoto v. Federaman-*

22  *Bachrach & Assocs.*, 903 F.2d 709, 715 (9th Cir. 1990).

23         In her remand motion, Plaintiff argues that the Court should decline to exercise

24  jurisdiction over her state law claims because state issues allegedly predominate over federal

25  issues. However, Plaintiff offers no explanation for her argument other than that her state law

26  claims allow her to recover monetary damages, rather than merely injunctive relief. Plaintiff fails

27  to point out that she pled claims under the ADA, that she directly cites to federal statutes in the

28  Complaint, and that her state law causes of action are premised on the ADA. It is clear that the

1    state law claims do not predominate over the federal claims because the entire Complaint is

2    centered around alleged violations of the ADA. Further, this Court has jurisdiction over both the

3    state and federal claims as they all derive from a common nucleus of operative fact and are such

4    that they should all be tried in one proceeding.

5         Plaintiff further argues that the Court should decline to exercise jurisdiction over her state

6    law claims because they raise a novel or complex issue of state law. Plaintiff claims there is a

7    conflict in state law because California Civil Code sections 52 and 54.3 set forth different

8    amounts of monetary damages that Plaintiff may recover. However, California courts have made

9    it clear that the two Civil Code sections do not conflict; they are distinct in that section 52

10   requires a showing of intentional discrimination, while section 54.3 does not. See *Gunther v. Lin*,

11   144 Cal. App. 4th 223 (2006). There is no conflict or novel issue of state law as Plaintiff

12   suggests; there are simply different standards that must apply to liability claims under these

13   statutes.

14        Lastly, remand should be denied because this Court's exercise of jurisdiction over

15   Plaintiff's state law claims accommodates the values of judicial economy, convenience, fairness

16   and comity. Plaintiff's state and federal claims derive from a common nucleus of operative facts.

17   All of Plaintiff's claims should be litigated in one forum, namely federal court.

18                                              **V.**

19        **THIS COURT DOES NOT NEED TO ABSTAIN FROM HEARING PLAINTIFF'S**

20                              **STATE LAW CLAIMS**

21        Plaintiff claims that the Court should remand based on abstention principles. Remand

22   based on abstention principles is limited to cases in which the relief sought is purely equitable in

23   nature or otherwise discretionary (*i.e.*, injunctive or declaratory relief). *Quackenbush v. Allstate*

24   *Ins. Co.*, 517 U.S. 706, 721 (1996). Thus, a federal court should not remand a damages action,

25   even if abstention is otherwise appropriate. *Id.* Here, remand based on abstention is improper as

26   Plaintiff seeks both monetary and non-monetary damages.

27        Moreover, the court should not remand when a plaintiff's federal claims remain intact.

28   See *Hernandez v. Six Flags Magic Mountain, Inc.*, 688 F. Supp. 560, 563 (C.D. Cal. 1988).

6

Here, Plaintiff's federal claims remain in tact.  Plaintiff has not dismissed the federal ADA claim, even though she threatens that she will not prosecute it in good faith.  Even if Plaintiff does not offer necessary evidence in support of this claim, the claim is still present in the case at this point. Accordingly, remand based on abstention is improper.

VI.

**CONCLUSION**

Based on the foregoing, Defendants respectfully request that the Court deny Plaintiff's Motion for Remand in its entirety.

DATED: September 8, 2008                    PROCOPIO, CORY, HARGREAVES &
                                            SAVITCH LLP


By:   /s/  Marsha Amin
      Spencer C. Skeen
      Marsha Amin
      Attorneys for Defendants, GUILLERMO
      BENITEZ; and ELIZABETH BENITEZ
      GARCIA, dba SAN YSIDRO AUTO
      SALES

7

115904/000002/961896.01

Spencer C. Skeen (Bar No. 182216)
Marsha Amin (Bar No. 238820)
PROCOPIO, CORY, HARGREAVES &
   SAVITCH LLP
530 B Street, Suite 2100
San Diego, California  92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

Attorney for Defendants,
GUILLERMO BENITEZ; and ELIZABETH BENITEZ
GARCIA, dba SAN YSIDRO AUTO SALES

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NONI GOTTI,<br><br>     Plaintiff,<br><br>v.<br><br>GUILLERMO BENITEZ; ELIZABETH BENITEZ GARCIA dba SAN YSIDRO AUTO SALES; and DOES 1 THROUGH 10, Inclusive,<br><br>     Defendants. | Case No.:  08 cv 1245 BEN AJB<br><br>CERTIFICATE OF SERVICE<br><br>Date:     September 22, 2008<br>Judge:   Hon. Roger Benitez |

     I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is PROCOPIO, CORY, HARGREAVES & SAVITCH LLP, 530 "B" Street, Suite 2100, San Diego, California 92101.  On September 8, 2008, I electronically filed the within documents:

### RESPONSE TO MOTION FOR REMAND

with the Clerk of the United States District Court for the Southern District of California using the CM/ECF System.  The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the following parties and counsel of record who are registered with the Court's CM/ECF System:

     Theodore A. Pinnock  theodorepinnock@pinnockwakefieldlaw.com

115904/000002/962228.01

1       Pursuant to the CM/ECF System, registration as a CM/ECF user constitutes consent to

2 electronic service through the Court's transmission facilities.

3       I declare under the penalty of perjury under the laws of the United States of America that

4 the foregoing is true and correct and that I executed this Certificate of Service on September 8,

5 2008 at San Diego, California.

6

7

                                Corinne E. Byrnes

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

115904/000002/962228.01