**PINNOCK & WAKEFIELD**
A Professional Corporation
Theodore A. Pinnock, Esq.     Bar #: 153434
David C. Wakefield, Esq.      Bar #: 185736
7851 Mission Center Court, Suite 310
San Diego, CA 92108
Telephone: 619.858.3671
Facsimile: 619.858.3646

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NONI GOTTI<br><br>Plaintiff,<br><br>v.<br><br>GUILLERMO BENITEZ;<br>ELIZABETH BENITEZ GARCIA DBA<br>SAN YSIDRO AUTO SALES; And<br>DOES 1 THROUGH 10, Inclusive<br><br>Defendants. | Case No. 3:08-cv-01245-BEN-AJB<br><br>**REPLY TO OPPOSITION TO**<br>**MOTION FOR REMAND**<br><br>Courtroom: Courtroom Courtroom 3<br>Judge: The Honorable Roger Benitez<br>Date: September 22, 2008<br>Time: 10:30 AM |

INTRODUCTION

Plaintiff is enforcing the access laws; she is a Serial Plaintiff and is proud of it. Defendants cry "shakedown" and forum shopping. However, state law predominates here as many of the judges on this Court have ruled. Further, this Court should abstain from hearing this case because damages is a state issue and the state access laws are broader than ADA.

APPLICABLE LAW

Title III of the Americans with Disabilities Act (ADA), *42 U.S.C.S. § 12181 et seq.*, provides that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of any place of public accommodation. *42 U.S.C.S. § 12182(a)*. "Discrimination" is defined as a failure to remove barriers where such removal is readily achievable or, where an entity can demonstrate that the removal of a barrier is not readily achievable, a failure to make accommodations available through alternative methods if such

methods are readily achievable. *42 U.S.C.S. ß 12182(b)(2)(iv)-(v)*. Title III provides for injunctive relief as the exclusive remedy for private individuals seeking to enforce the law. *42 U.S.C.S. ß 12188(a)(2)*. Standing is an essential and unchanging part of the case-or-controversy requirement of U.S. Const. art. III. For that reason, both the United States Supreme Court and the United States Court of Appeals for the Ninth Circuit hold that whether or not the parties raise the issue, federal courts are required sua sponte to examine jurisdictional issues such as standing. A district court thus has both the power and the duty to raise the adequacy of a plaintiff's standing sua sponte. The question of standing is not subject to waiver. Moreover, whatever effect the parties' agreement (and the court's acquiescence therein) may have had on the entry of the consent decree, United States Court of Appeals for the Ninth Circuit precedent makes clear that a court remains under a continuing obligation to examine its jurisdiction where the parties consent to the settlement of a case but leave for future resolution the matter of attorney's fees. If the district court lacks jurisdiction over the underlying suit, it has no authority to award attorney's fees.  A party invoking federal jurisdiction has the burden of establishing that it has satisfied the "case-or-controversy" requirement of U.S. Const. art. III (Article III); standing is a "core component" of that requirement.  In order to meet its burden of establishing standing, a party must show three things: First, it must have suffered an injury in fact--an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.  Each of the elements of standing must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation. The evidence relevant to the standing inquiry consists of the facts as they existed at the time the plaintiff filed the complaint. In evaluating whether a civil rights litigant has satisfied these requirements, the United States Supreme Court has instructed courts to take a broad view of constitutional standing especially where private enforcement suits are the primary method of obtaining compliance with

the act. With regard to standing, in the context of a suit for injunctive relief, the requirement for injury in fact may only be satisfied where a plaintiff demonstrates a sufficient likelihood that he will again be wronged in a similar way. That is, he must establish a real and immediate threat of repeated injury. A disabled individual who is currently deterred from patronizing a public accommodation due to a defendant's failure to comply with the Americans with Disabilities Act (ADA), *42 U.S.C.S. ß 12181 et seq.*, has suffered "actual injury." Similarly, a plaintiff who is threatened with harm in the future because of existing or imminently threatened non-compliance with the ADA suffers "imminent injury." With regard to actions brought under Title III of the Americans with Disabilities Act (ADA), *42 U.S.C.S. ß 12181 et seq.*, the actual injury rule in cases where the public accommodation being sued is far from the plaintiff's home, courts have found actual or imminent injury sufficient to establish standing where a plaintiff demonstrates an intent to return to the geographic area where the accommodation is located and a desire to visit the accommodation if it were made accessible. The United States Court of Appeals for the Ninth Circuit has explicitly not required ADA plaintiffs to engage in the "futile gesture" of visiting or returning to an inaccessible place of public accommodation in order to satisfy the standing requirement. With regard to actions brought under Title III of the Americans with Disabilities Act (ADA), *42 U.S.C.S. ß 12181 et seq.*, the attempted use of past litigation to prevent a litigant from pursuing a valid claim in federal court warrants a court's most careful scrutiny. This is particularly true in the ADA context where the law's provision for injunctive relief only removes the incentive for most disabled persons who are injured by inaccessible places of public accommodation to bring suit. As a result, most ADA suits are brought by a small number of private plaintiffs who view themselves as champions of the disabled. For the ADA to yield its promise of equal access for the disabled, it may indeed be necessary and desirable for committed individuals to bring serial litigation advancing the time when public accommodations will be compliant with the ADA. Accordingly, courts must be particularly cautious about affirming credibility determinations that rely on a plaintiff's past ADA litigation. HOLLYNN D'LIL, Plaintiff-Appellant, v. BEST WESTERN ENCINA LODGE & SUITES; ENCINA-PEPPER TREE LTD.;

DAVID Z. WEBBER; JEANETTE WEBBER; CECELIA E. VILLINES, Defendants-Appellees. No. 06-55516, UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT, *2008 U.S. App. LEXIS 17168,* November 5, 2007, Argued and Submitted, Pasadena, California, August 12, 2008, Filed

ARGUMENT

A.     Defendants invoked federal jurisdiction, thus, they have the burden of establishing that it has satisfied the "case-or-controversy" requirement of U.S. Const. art. III (Article III); standing is a "core component" of that requirement.

Defendants filed notice of removal thus they invoked federal jurisdiction. This Court has original but not exclusive jurisdiction over ADA suits. Vacation Vill., Inc. v. Clark County, 497 F.3d 902 (9th Cir. Nev. 2007) ADA suits can be heard by state courts. Defendants invoked federal jurisdiction, thus, they must show Plaintiff's standing.

B.     This Court should remand premised on abstention

Amazingly, Defendants' attorney argues that the ADA claim is the primary claim. However, judges on this Court have routinely declined to exercise supplemental jurisdiction over state claims. Damages predominate here. Pinnock v. Solana Beach Do It Yourself Dog Wash, Inc., 2007 U.S. Dist. LEXIS 48256 (S.D. Cal. July 3, 2007) . Plaintiff is not forum shopping; Defendants are.

This Court should abstain from hearing this case because there is no "intent to return" requirement in state for injunctive relief like in federal court. Further, there are novel issues of state law as to Civil Code 51, 52 and 54.3 best resolved by the state courts. *Pickern v. Holiday Quality Foods Inc., 293 F.3d 1133 (9th Cir. 2002)*. *Botosan v. Paul McNally Realty, 216 F.3d 827, 835 (9th Cir. 2000)*. HOLLYNN D'LIL, v. BEST WESTERN ENCINA LODGE & SUITES; ENCINA-PEPPER TREE LTD.; No. 06-55516, CV-02-09506-DSF. Gunther v. Lin, 50

Cal. Rptr. 3d 317 (Cal. Ct. App. 2006), [the California Supreme Court subsequently denied review of an intermediate appellate court decision that could have provided definitive guidance on whether plaintiffs must prove intentional disability discrimination under the Unruh Act to obtain damages.] For all the reasons referenced above, this Court should abstain from hearing this case because the state claims predominate.

C.   Defendants failed to show plaintiff in removed action have federal standing to sue

Nothing in the Opposition shows Defendants satisfied their burden of proving Plaintiff's standing.   Plaintiff will file a First Amended Complaint specifically stating that Plaintiff is not alleging he is substantially limited which is required to bring an ADA claim. Plaintiff is making it clear she is not conceding she is not substantially limited in fact.  California Civil Code 51 and 54.3 incorporates ADA except for substantially limited.  State law may be broader, but not more narrow, than ADA. Duffy v. Riveland, 98 F.3d 447, 457 (9th Cir. Wash. 1996) So California has a more broader state version of ADA and Plaintiff is bringing this case under the state version. Thus, Defendants failed to show Plaintiff has standing to be in federal court.

CONCLUSION

For all the above reasons, this case should be remanded to state court.

Respectfully submitted:

                                                            PINNOCK & WAKEFIELD, A.P.C.

Dated: September 8, 2008

                                                     By: /s/THEODORE A. PINNOCK, ESQ.
                                                          DAVID C. WAKEFIELD, ESQ.
                                                          Attorneys for Plaintiff

1  **PINNOCK & WAKEFIELD**
   Theodore A. Pinnock, Esq.   Bar #: 153434
2  David C. Wakefield, Esq.    Bar #: 185736
   Michelle L. Wakefield, Esq. Bar #: 200424
3  7851 Mission Center Court, Suite 310
   Plaza Centre
4  San Diego, CA 92108
   Telephone: (619) 858-3671
5  Facsimile: (619) 858-3646

6  Attorneys for Plaintiffs

7
                    **UNITED STATES DISTRICT COURT**
8
                   **SOUTHERN DISTRICT OF CALIFORNIA**
9

10
   **NONI GOTTI**                    3:08-cv-01245-BEN-AJB
11
              Plaintiff.
12                                   **PROOF OF SERVICE U.S. MAIL**
      v.
13
   **GUILLERMO BENITEZ; ELIZABETH**
14 **BENITEZ GARCIA DBA SAN YSIDRO**
   **AUTO SALES**; And               [Fed.R.Civ.P. 6(e)]
15 **DOES 1 THROUGH 10**, Inclusive,

16        Defendants.

17

18

19
   **STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**
20
       I am employed in the County of San Diego, State of
21
   California.  I am over the age of 18 and not a party to the
22
   within action; my business address is 7851 Mission Center Court,
23
   Suite 310 Plaza Centre, San Diego, CA 92108.
24
       On this date, I served the following documents described
25  as:
       1.   Reply to Opposition to Motion for Remand
26

27

28

                                    Case No. 3:08-cv-01245-BEN-AJB

The request on **Defendants** stated below in this action by placing the original a true copy thereof enclosed in sealed enveloped addressed as stated below.

**Spencer C. Skeen**

**Procopio Cory Hargreaves & Savitch LLP**
**530 B Street, Suite 2100**
**San Diego, CA 92101**
**(619)238-1900**
**Fax: (619)235-0398**
**Email: SCS@procopio.com**

    **BY MAIL:** I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid, mailed at San Diego, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

    **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the offices of the addressee.

    **BY FACSIMILE TRANSMISSION:** From FAX No. (619) 858-3646 to the facsimile numbers listed above on the mailing list.  The facsimile machine I used complied with Rule 6 (e), and no error was reported by the machine.

    **STATE:** I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Case No. 3:08-cv-01245-BEN-AJB

1
2
3    **FEDERAL:** I declare that I am employed in the office of
4    a member of the Bar of this Court, at whose direction this
5    service was made.
6
7    **EXECUTED** on September 8, 2008, at San Diego, California.
8

9    _____
10                           **PINNOCK & WAKEFIELD, A.P.C.**
11
12                           By: /s/THEODORE A. PINNOCK, ESQ.
13                           Attorney for Plaintiff
14
...
28

Case No. 3:08-cv-01245-BEN-AJB